JAMES HUMPHRIES v. THE STATE.

APRIL TERM, 1838.

Humphries
v.
The State.

In an indictment, under the 31st sec. of the act concerning crimes and punishments, charging the defendant with assaulting a female, with weapons and other means likely to produce great bodily harm, with intent to commit a rape, &c., it must be established in proof, as charged, that the assault was made with deadly weapons or other means likely to produce great bodily harm. Where, therefore, the case made out was an assault upon a female child, under ten years old, but without any proof of violence, it would not sustain the indictment. It should have been drawn under the 34th section.

*U. Wright,* for appellant, cited the following authorities:
3 vol. Chitty's Criminal Law, pages 814 '15, '16, 811, 813, 809; 1 vol. Russell, page 564; Revised Code, page 170.

*Heard,* (circuit attorney,) for the State, cited:
Revised Law, page 171, sec. 31; 2 vol. Russell on Cr., 708 '9; 3 vol. Starkie's Evi. 1527 to 1533; Semi-annual part Mo. Rep. 304; Mo. Dig. 491, sec. 16; 1 Chitty's Cr. Law, 644; 1 Russell on Crimes, 564, '65.

Opinion delivered by McGIRK, Judge.

At the July term of the circuit court for the county of Pike, James Humphries, a lad aged about sixteen years, was indicted on the 31st section of the second article of the statute respecting crimes and punishments. The jury found him guilty, and the court gave judgment against him.

The 31st section (see Revised Code, 172,) provides that every person who shall on purpose and malice afore-thought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish, or rob such person, he shall be imprisoned in the penitentiary, &c. The indictment charges, that on a certain day, the said James Humphries did, feloneously on purpose, and of malice aforethought, make an assault on the body of one Martha Jane Orr, with his hands, feet, and other means likely to produce great bodily harm, with an intent to ravish and carnally know, against her will, the said Martha Jane Orr, and other wrongs to her then and there did, &c. &c.

On the trial it appeared that, at the time the offence was committed, Martha Jane Orr was a child of about nine years of age, and that Humphries overtook her in a path leading from her father's house to a sugar camp, and

APRIL TERM,
1838.

Humphries
v.
The State.

he there made an assault on her with an intent to know her carnally, without any circumstances of unusual violence with weapons; indeed he used no weapons other than hands, &c.

When the evidence was closed, the defendant's counsel moved the court to instruct the jury, that if they believed from the evidence, that Martha Jane Orr, at the time the supposed assault was made, was under the age of ten years, they must find for the defendant. The court refused to give the instruction. And secondly, that unless they find that the defendant was guilty of an assault on Martha Jane Orr, on purpose and of malice aforethought, with means of force likely to produce great bodily harm, with an intent to ravish and carnally know her, they ought to find for the defendant; which instruction the court refused also. The jury find that the defendant is not guilty of an assault on Martha Jane Orr, on purpose and of malice aforethought, with his feet and hands, likely to produce great bodily harm; but they do find that he is guilty of feloneously assaulting and beating her, with intent feloneously to ravish and carnally know her, in manner and form as stated in the indictment.

The defendant moved for a new trial and in arrest of judgment, which motions were both overruled. As to the motion for a new trial, I am of opinion the evidence supports the verdict; and indictment might be framed to meet the offence as proved. Undoubtedly the court should have instructed the jury, that unless they find the assault was made with some weapon, the use of which would likely produce death or bodily harm, they should, on that indictment, find the defendant not guilty.

But it is argued by Mr. Heard for the State, that the less is included in the greater, and that although the defendant did not assault with a deadly weapon with intent to commit a rape, yet he made an assault with that intent. The 34th section of the act provides, that any person who shall be convicted of an assault with an intent to commit a robbery, rape, &c., not by that act provided for, he shall be punished, &c.

In an indictment, under the 31st sec. of the act concerning crimes and punishments, charging the defndant with assaulting a female, with wea-

It is clear to my mind that to carnally know a female child, under ten years of age, no matter how consenting she may be, is at least an assault within the prohibition of the 34th section; for by the 23d sec. of the same act, page 170, it is declared a rape to carnally and unlawfully know any female child, under ten years of age. If the assault be made with dangerous weapons, then the of-

fence is punishable under the 31st section, and if not, then under the 34th section.

In the case of the child's consent to the carnal knowledge, without the use of dangerous weapons in the hands of the assailant, the party must be indicted under the 34th section, and in case it does not consent, and such weapons are not used, still the party must be indicted under the 34th section.

But whether the object of the assault be a child under ten years or not, if the assault be made with such weapons, the indictment must be founded on the 31st section.

In this case, the indictment is founded on the 31st section, and the proof meets the case prohibited by the 34th section. As there was no proof to meet the case in the 31st section, the court should have instructed the jury, that unless they found the assault was made with weapons, &c., likely to produce great bodily harm, they should acquit the defendant. The defendant's counsel have made several objections to the indictment, some of which seem to be well founded; but as the failure to instruct the jury is sufficient I will pass them all by. I am of opinion the judgment ought to be reversed; and the other Judges concurring herein, it is hereby reversed. The same is remanded to the circuit court of Pike county for a new trial.

pons and other means likely to produce great bodily harm, with intent to commit a rape, &c., it must be established in proof, as charged, that the assault was made with deadly weapons or other means likely to produce great bodily harm. Where, therefore, the case made out was an assault upon a female child, under ten years old, but without any proof of violence, it would not sustain the indictment. It should have been drawn under the 34th section.