STATE v. FRED HUMPHREY, Appellant.—No. 40741.—210 S. W. (2d) 1002.

Division One, May 10, 1948.

*Jesse I. Moritz* and *Don Whitcraft* for appellant.

J. E. Taylor, Attorney General, and Arthur M. O'Keefe, Assistant Attorney General, for respondent.

[1003] HYDE, J.—Defendant was convicted of burglary (second degree) and larceny and sentenced to ten years imprisonment. He has appealed.

The only question raised in defendant's brief is the admissibility of a confession signed by defendant, which was written by Kansas City Police officers. This confession recited several separate burglaries and defendant was charged by separate informations on two of them. He was acquitted in the first case tried. Since the confession

reciting both of these burglaries was introduced as evidence in that case, it is contended that the issues of whether defendant read and understood it and whether it was freely and voluntarily made without threats or promises were res judicata.

Defendant filed a motion to suppress evidence on that ground, which was overruled. It was alleged in this motion "that the validity of said instrument purporting to contain a confession of guilt in that cause was attacked by defendant (in the other case) on the ground that defendant did not possess sufficient education to read and understand the things and confessions therein purported to be contained; that the only crime under discussion with the police officers who obtained his signature on said instrument containing said purported confession of guilt was in respect to a police court case then pending in the Municipal Court of Kansas City, Missouri, and that a promise was made to defendant by the police officers who obtained his signature on said instrument that they would see to it that his sentence did not exceed a term of sixty days in the Municipal Farm of Kansas City, Missouri, and that his signature on said instrument was obtained by Officer Rogers as a result of said promise; that evidence was introduced by defendant in respect to the aforestated issues, and that by reason of the verdict and judgment of 'not guilty' rendered by the jury in said cause, said instrument containing said purported confessions was adjudged to be illegal and invalid."

Defendant did give such testimony, as to his misunderstanding of the instrument he signed, at a preliminary hearing on his motion and before the jury in this case. He said that the only matter discussed when he signed the confession was a petit larceny case in police court in which he had been released on a cash bond; that the officers told him to plead guilty and he would get sixty days and get his bond money back; and that he signed the paper they presented to him for this purpose without knowing what was stated in it. He said that he could not read or write but could only sign his name. He said that he did not tell them that he had broken into the Kansas City Printing Ink Company or the Gunite Construction Company, the two charges upon which he was tried, and which were both admitted in the confession.

However, the police officers testified during the trial of this case that defendant pointed out to them the Gunite Construction Company as a place he had broken into and told them what he had taken there. They also said defendant gave them information concerning his disposition of articles taken from this place and went with them to find a man to whom he had sold a shotgun, taken by him from the construction company office, and from whom they recovered it. This gun was identified by the president of the construction company and was produced at the trial. Thus there was ample evidence to support his conviction without the written confession. According

to the officers' testimony, defendant voluntarily related to them all of the statements in the confession, after riding with them through the district and pointing out the places involved. One of the officers said he wrote defendant's statement longhand and went back over it with him as he wrote it down; that this was copied on the typewriter by one of the police clerks and handed to defendant to see before he signed it; that no promises of any kind were made to him; and that he was not mistreated in any manner.

▮ "The doctrine of res judicata by which a fact or manner distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties, is applicable [1004] to judgments in criminal prosecutions. . . . The doctrine of res judicata, as applied to criminal cases, is subject to the same limitations as apply in civil cases. And clearly, there must be an adjudication of the fact or issue in question. A judgment in a criminal case operates as res judicata only with respect to the issues of law and fact actually decided and those necessarily involved in the result." [15 Am. Jur. 45, Sec. 367 (Cumulative Supplement, p. 7); see Annotation 147 A. L. R. 992; 50 C. J. S. 267, Sec. 754; 2 Van Fleet on Former Adjudication 1242-1249, Sec. 628; Sealfon v. United States, 68 S. Ct. 237, 92 L. Ed. 215; Harris v. State (Ga.), 17 S. E. (2d) 573, 147 A. L. R. 980, 991; see also Dusenberg v. Randolph, 325 Mo. 881, 30 S. W. (2d) 94; Norwood v. Norwood, 353 Mo. 548, 183 S. W. (2d) 118; Kimpton v. Spellman, 351 Mo. 674, 173 S. W. (2d) 886; Laughlin v. Boatmen's National Bank, 354 Mo. 467, 189 S. W. (2d) 974.] It was held in State v. Barton (Wash.), 105 Pac. (2d) 63, that the issue of alibi, raised as a defense in a previous prosecution, was not res judicata. The court said: "It is not possible to determine whether the jurors returned a verdict of acquittal because they credited the testimony in support of appellant's alibi, or for the reason that they found the state's evidence insufficient as to one or more essential elements of the offense charged. They could have utterly disregarded all of the testimony adduced by the appellant in his defense and yet have returned a verdict of not guilty. The verdict and the judgment based thereon were not, therefore, res judicata as to appellant's alibi, nor as to any other particular fact. They were res judicata only as to the ultimate fact that appellant was not guilty of the crime of which he was accused." Likewise, "acquittal of one charged with crime is no bar to a prosecution for perjury for testimony given by him at the trial." [15 Am. Jur. 45, Sec. 368.]

This is not a case of defendant being tried for another offense growing out of the same transaction or occurrence, as was true in the Sealfon and Harris cases, supra. As said in the Sealfon case, the question of res judicata "depends upon the facts adduced at each trial and the instructions under which the jury arrived at its verdict

at the first trial." We do not think that it was shown in this case that there was an adjudication of the issue of the voluntariness of defendant's confession at the trial of the other burglary charge or that it was necessarily involved in the result. The instructions in the other case were not offered in evidence herein, but it was admitted at the oral argument that there was no instruction submitting such issue to the jury in that case (and there was none in this case); and there was no showing as to what other defenses were made in that case or whether or not the state had other evidence corroborating the facts stated in the confession as to the offense in that case as it did in this case. [See 20 Am. Jur. 1185, Sec's. 1233-1234; 22 C. J. S. 1471, Sec. 839.] Furthermore, the jury in the other case could have believed that the confession, although voluntary, was not true as to all of the facts stated concerning that case. Therefore, we hold that the issue of the voluntariness of this confession was not res judicata.

Defendant also contends the confession should have been excluded because the state offered no testimony at the preliminary hearing which the record shows was held on the motion to suppress. It is true, as defendant contends, that the burden of proof on the issue of voluntariness is on the State. [State v. Gibilterra, 342 Mo. 577, 116 S. W. (2d) 88.] If the issue was voluntariness, the State should have produced evidence, but it is not clear whether this hearing was on that issue or on res judicata. The defendant did claim that he did not know what he was signing, and on cross-examination of defendant and other witnesses, the State brought out some facts unfavorable to his contentions. However, when the Court does admit a confession, the matter of whether or not it was shown to be involuntary must be determined on appeal from all the evidence both at the preliminary hearing and before the jury; and, likewise, "the court then can still exclude the [1005] confession if it finds from all the evidence, including that introduced at the preliminary hearing, that the same was involuntary". [State v. Gibilterra, supra; see also State v. Ramsey, 355 Mo. 720, 197 S. W. (2d) 949; State v. Cochran, 356 Mo. 778, 203 S. W. (2d) 707.] Here the confession was clearly voluntary if defendant knew what he was signing. There was ample evidence at the trial to sustain the State's burden of proof on this issue and defendant did not even request an instruction to submit it to the jury in this case. We, therefore, hold that the admission of the confession was not reversible error.

Defendant has made no point on the record proper but its sufficiency must be considered. [Sec. 4150 (this and other references are to R. S. 1939 and Mo. Stat. Ann.); State v. Huff (Mo. Sup.), 173 S. W. (2d) 895.] The verdicts herein were as follows: "We, the jury, find the defendant, Fred Humphrey, guilty of Burglary Second Degree, and assess his punishment at Two years." "We,

the jury, find the defendant, Fred Humphrey guilty of Grand Larceny and assess his punishment a Three years." "We, the Jury find the defendant, Fred Humphrey guilty of Burglary Second Degree and Larceny, as charged in the Information, and we further find that the defendant Fred Humphrey was convicted of three prior felonies, as charged in the Information, and assess his punishment at Five Years." The court gave defendant a ten year sentence on these verdicts. These were not proper verdicts for convictions under the Habitual Criminal Act (Sec. 4854) nor did they designate the place of imprisonment. [However, see State v. Schmitz, (Mo. Sup.) 46 S. W. (2d) 539 and cases cited.] The punishment under the Act, "imprisonment in the penitentiary for the longest term prescribed" for the offenses charged in this case, would be ten years for burglary in the second degree (Sec. 4445) and five years for larceny (Sec. 4448) or a total of fifteen years. The Act does not create a separate offense but only prescribes greater punishment for a subsequent offense. [State v. Ward, 356 Mo. 599, 202 S. W. (2d) 46; State v. Murphy, 345 Mo. 358, 133 S. W. (2d) 398.] There should not have been a third separate verdict but instead the verdicts on burglary and larceny should have each included a finding of defendant having been previously convicted of a felony (if the jury did so find) and have assessed the maximum punishment therein for each offense. We note that the jury were not correctly instructed as to the punishment required under the Habitual Criminal Act and were not given correct forms of verdicts for findings under the Act. [As to instructions see State v. Kimbrough, 350 Mo. 609, 166 S. W. (2d) 1077.]

However, Section 4155 provides that judgments shall not be reversed because erroneous as to time or place of imprisonment, but that the Appellate Court shall "sentence such person to the proper place of confinement, and for the correct length of time." [See State v. Huff, 352 Mo. 1161, 181 S. W. (2d) 513; State v. Sumpter, 335 Mo. 620, 73 S. W. (2d) 760.] It is suggested by the Attorney General that we could either sentence defendant to serve fifteen years required on a conviction under the Habitual Criminal Act or disregard the third verdict of five years as surplusage and sentence him to five years, the total assessed by the jury in the first two verdicts. Since we do not know what the verdict of the jury would have been if properly instructed on this issue, we take the latter course.

The judgment of conviction of defendant of both burglary and larceny is affirmed. It is ordered and adjudged that defendant, Fred Humphrey, be confined in the penitentiary for a term of two years for the burglary and three years for the larceny and that the sentence for the larceny commence at the expiration of the sentence for the burglary. It is further ordered that the marshall of this Court convey said Fred Humphrey to the state penitentiary and deliver him

to the warden thereof, if he be not now confined therein, there to be imprisoned for the period of the sentences imposed, a total of five years, or until he be otherwise discharged by due course of law. It is further ordered that the clerk of this court furnish the warden with a certified copy of this order. All concur.