STATE OF MISSOURI, Respondent, v. WILLIAM JOHN BERRY, Appellant, No. 42270—237 S. W. (2d) 91.

Division One, March 12, 1951.

*Emanuel Williams* and *I. Joel Wilson* for appellant.

*J. E. Taylor*, Attorney General, and *William A. Wear*, Assistant Attorney General, for respondent.

[92] HYDE, J.—Life sentence for assault with intent to ravish; charged under the habitual criminal section. (Sec. 556.280 R. S. 1949.) Defendant has appealed.

Defendant offered no evidence. The State's evidence was that the prosecuting witness, an unmarried white girl, 21 years old, was going to work at night on a streetcar. Her work was at the Purety Box Company on Pine Street in St. Louis, from 12:30 A. M. to 9:30 A. M. When she "raised up and rang the bell" for the 22nd Street stop on Olive, someone behind her "just jumped up all of a sudden, rang the bell and walked over to the door." She turned around and saw a colored man whom she later identified as the defendant. She got off, crossed to the east side of 22nd Street, and walked south. The man followed on the west side. When she got to the mouth of the alley about halfway between Olive and Pine, she saw the man coming over the curb. He tripped her, and grabbed hold of her arm. She jerked loose once but he grabbed her again and she started screaming. She said: "He tripped me by my foot and knocked me down and dragged me through the alley and threw himself on me; put his hand on my mouth to keep me from screaming. * * * At the same time he was trying to pull my skirt up." She said defendant had one knee on her thigh; that her skirt was ripped and torn up the front, and that she was trying to get his hand off her mouth so she could scream.

Two police officers cruising in a police car nearby heard a woman scream and turned their car into the alley. They saw defendant over her, "and she was violently waving her arms." Defendant "immediately raised up when the lights of the car came upon him; he jumped to his feet and he commenced running eastward." One of the officers ran after him and captured him before he got out of the alley. The prosecuting witness was taken to the City Hospital and was treated for a bruise on her cheek that "was sore for three or four days after that." Her ankle was also bruised where defendant had stepped on it. She was able to go to her work about 2:00 A. M.

Defendant's contentions which must be sustained are: the verdict is not responsive to the charge in the information and the punishment of life imprisonment is excessive and unauthorized by law under the verdict returned, without a finding of malice aforethought and of a prior conviction. The Attorney General's brief also concedes that Instruction No. 1, authorizing punishment of life imprisonment leaves out an essential element, namely, that the assault was made by "means or force likely to produce death or great bodily harm." Likewise, the information failed to make any such allegation.

We have two statutes which may apply to attempt to rape, 559.180 and 559.190, R. S. 1949, which are as follows:

"559.180. Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a

deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony, or in resisting the execution of legal process, shall be punished by imprisonment in the penitentiary not less than two years."

"559.190. Every person who shall be convicted of an assault with intent to kill, or to do great bodily harm, or to commit any robbery, rape, burglary, manslaughter or other felony, the punishment for which assault is not hereinbefore prescribed, shall be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months, or by a fine not less than one hundred dollars and imprisonment in the county jail not less than three months, or by a fine of not less than one hundred dollars."

Both of these sections were in the criminal code of 1835. (R. S. 1835, p. 171): but the maximum punishment was ten years until 1919. (See Laws 1919, p. 258.) We have held that the words "rape" and "ravish" [93] are synonymous terms. (State v. Meinhart, 73 Mo. 562, l. c. 567.) The distinction between these two statutes on attempt to rape is in the means or force used and the existence or lack of malice aforethought. In Humphries v. State (1838) 5 Mo. 203, this Court held the jury should have been instructed (in a case under 559.180) "that unless they found that the assault was made with weapons (means or force) likely to produce great bodily harm, they should acquit defendant." It was also held that the evidence in that case was only sufficient to make a case under Sec. 559.190. Of course, it is not an essential element even in murder that the killing be done with a deadly weapon or with any weapon at all. (State v. Rizor, 353 Mo. 368, 182 S. W. (2d) 525.) However, the use of means or force likely to produce death or great bodily harm is an essential element of an offense under Sec. 559.180.

The verdict in this case was as follows: "We, the Jury in the above entitled cause find the defendant Guilty of Assault with Intent to Ravish and assess the punishment at imprisonment in the Penitentiary for his Natural Life."

This verdict does not sufficiently show whether it was intended to be a finding of an offense under Sec. 559.180 or Sec. 559.190; both offenses were covered by the Court's instructions with the requirement that to find under the former it was necessary to find an assault "of malice aforethought." The verdict would have been a sufficient verdict under the latter section, except that it exceeded the punishment authorized by it; and a conviction of this lesser crime of the same nature would have been proper even though the information properly charged only the greater one. (State v. Meinhart, Mo. Sup., 82 S. W. (2d) 890; see also State v. Baublits, 324 Mo. 1199, 27 S. W. (2d) 16.) The information herein was, of course, sufficient to charge an offense under Sec. 559.190. As to the appli-

cation of the Habitual Criminal Statute, we said, in State v. Humphrey, 357 Mo. 824, 210 S. W. (2d) 1002, that the verdict should have "included a finding of defendant having been previously convicted of a felony (if the jury did so find) and have assessed the maximum punishment therein." (See also State v. Kimbrough, 350 Mo. 609, 166 S. W. (2d) 1077; State v. Ward, 356 Mo. 499, 202 S. W. (2d) 46.) Of course, the jury could assess life imprisonment under Sec. 559.180 without a finding of a previous conviction. Nevertheless, while the evidence may show an assault violent enough to establish an offense under Sec. 559.180, the allegations of the information were not sufficient to state it, the instructions did not properly submit it and the verdict did not clearly find it.

Defendant's contention that the Court erroneously refused to instruct on common assault is without merit; the evidence did not warrant such an instruction. (See State v. Bird, 358 Mo. 284, 214 S. W. (2d) 38 and cases cited.)

Likewise, there is no merit in his contention that the statement in the Court's instruction on reasonable doubt ("But a doubt to authorize an acquittal on that ground, ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of his innocence") is a contradictory, argumentative, inconsistent, illogical, erroneous comment upon the evidence, and the weight to be given to the evidence, and confusing to the jury. (See State v. Meals, 184 Mo. 244, 83 S. W. 422, and State v. Dooms, 280 Mo. 84, 217 S. W. 43, in which instructions containing this statement were approved; see also Raymond Missouri Instructions, Sec's. 3784-3809.) Since the evidence of defendant's guilt is very strong, the cause should be remanded for re-trial.

The judgment is reversed and the cause remanded. All concur.