HOUSER, Commissioner.
This is an appeal from a second successive order overruling a motion to vacate and set aside a judgment of August 30, 1968, by which Donald Ray Wright was convicted of felonious assault on a plea of guilty and sentenced to 25 years’ imprisonment.
In his first 27.26 V.A.M.R., motion, filed on August 9, 1969, Wright sought to vacate the sentence and judgment on several grounds. One ground assigned was that the 25-year sentence was excessive, in that he was charged with and pleaded guilty to felonious assault without malice aforethought, under § 559.190 RSMo 1969, V.A. M.S. (which carries a maximum penalty of five years in the penitentiary), and that the 25-year sentence was illegal and void and subject to collateral attack, under four previous opinions of this Court. An extensive evidentiary hearing was conducted. The court overruled the motion to vacate, filing six pages of findings of fact and conclusions of law on Wright’s various claims for relief, including the following on the question of excessive sentence: “Petitioner erroneously contends that he was charged [with] and entered a plea of guilty to felonious assault without malice and that the sentence imposed was in excess of that permitted by the statute. The crime for [with] which petitioner was charged and plead guilty to is covered by Section 559.180, R.S.Mo.1959, and this statute prescribes a term of not less than two years imprisonment in the penitentiary. The court could have properly sentenced him to any term between two years and life and in view of petitioner’s prior criminal record and the circumstances of his brutal attack on the deputy the sentence imposed *348 is not excessive and within the permissible range of the statute.” Wright appealed to this Court, which affirmed the order overruling the motion to vacate. Wright v. State, Mo.Sup., 459 S.W.2d 370. The statement of facts in that opinion recites that on August 30, 1968 Wright entered a plea of guilty to the charge of assault with intent to kill “and was sentenced to a term of twenty-five years {Section 559.180, V.A. M.S.)” (our emphasis) and “that he now challenges the validity of the latter sentence in his motion under Rule 27.26.”
On March 1, 1971 Wright filed this present proceeding on the sole ground that “Movant was sentence [sic] to a term of 25 years, for the crime of ‘Felonious Assault,’ said 25 years is in excess of the maximum sentence allowed by the statute and law; that the maximum sentence allowed for felonious assault is five (5) years under Section 559.190 R.S.Mo.1959, [V.A.M.S.].” He asserted that the offense to which he pleaded guilty (felonious assault without malice) carries a maximum penalty of 5 years; that a 25-year sentence for felonious assault under § 559.190 (without malice aforethought) is in excess of the maximum 5-year penalty provided by § 559.190, citing State v. Berry, 361 Mo. 904, 237 S.W.2d 91, and State ex rel. Dutton v. Sevier, 336 Mo. 1236, 83 S.W.2d 581, and asked for vacation of the sentence or reduction of the sentence from 25 to 5 years.
On March 1, 1971 the circuit court, without conducting an evidentiary hearing, made an order finding that petitioner had previously filed a motion to vacate; that relief had been denied, and ordered the motion to vacate stricken. This appeal followed.
Appellant claims that the trial court erred in not considering the merits of the question of excessive sentence; in not reducing the sentence for felonious assault to the maximum penalty allowable under § 559.190, and in not conducting a hearing on this question. Citing State v. Testerman, Mo.Sup., 408 S.W.2d 90, and State v. Caldwell, Mo.Sup., 423 S.W.2d 738, appellant calls for a remand “to have this issue decided,” asserting that the fact that appellant previously filed a 27.26 motion does not prohibit the court from correcting an excessive sentence.
The State contends that the judgment should be affirmed; that under Criminal Rule 27.26(e) there was no necessity for a hearing because the files and records conclusively show that the prisoner is entitled to no relief.
We affirm. The court did not err in refusing to entertain this motion and in not considering the merits of the question of excessive sentence because precisely the same ground for relief was raised, tried and adjudicated adversely to Wright in his first 27.26 proceeding. Under Criminal Rule 27.26 the circuit court was literally prohibited from entertaining this motion by the following language: “The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application * * *.” A prisoner who secures a final adjudication of an issue on his first postconviction motion is barred from raising that same issue on a successive motion to vacate the judgment and sentence. Selman v. State, Mo.Sup., 454 S.W.2d 530, 533 [4], “The matters previously ruled will not be here reconsidered, because they are res adjudi-cata. Supreme Court Rule 27.26(d).” Crosswhite v. State, Mo.Sup., 438 S.W.2d 11, 12 [1],
Nor did the court err in not conducting an evidentiary hearing on this question. In a 27.26 proceeding a prompt hearing is contemplated, “[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, * * *.” Criminal Rule 27.26(e). The first and second motions filed by petitioner and the files and record of the case, both in the circuit court and in this *349 Court, conclusively demonstrate that the prisoner is entitled to no relief. They show that the prisoner was charged with felonious assault with malice aforethought under § 559.180, RSMo 1969, V.A.M.S.; that he pleaded guilty to that charge; that the 25-year sentence imposed is within the limits of the statutory penalty for violation of that section; that this question has been adjudicated in the trial court and the trial court’s judgment affirmed on appeal. The trial court did not err in striking this motion without an evidentiary hearing. Selman v. State, supra, 454 S.W.2d, 1. c. 533 [6]; Caffey v. State, Mo.Sup., 454 S.W.2d 518; State v. Moore, Mo.Sup. en Banc, 435 S.W.2d 8, 17 [18]; State v. Pope, Mo.Sup., 411 S.W.2d 212, 215 [6].
The judgment is affirmed.
STOCKARD, C., concurs.
PER CURIAM.
The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.
All of the Judges concur.