**STATE of Missouri, Respondent,**

v.

**Albert MORRIS, etc., Appellant.**

No. 36281.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 13, 1975.

**330**

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, James C. Jones, John E. Bell, Asst. Public Defenders, St. Louis, for appellant.

CLEMENS, Presiding Judge.

Defendant Albert Morris was tried and convicted of exhibiting a deadly weapon in a rude, angry and threatening manner. Section 564.610, RSMo 1969, V.A.M.S. The court imposed a five-year sentence under the Second Offender Act.

There is no contention the evidence was insufficient, and the facts are undisputed. Two passengers on a crowded rush-hour bus testified defendant repeatedly displayed an open knife several inches from their bodies in a threatening, abusive manner. The same witness also testified to defendant's other acts about the same time, which included harassing other passengers by displaying his knife, using profanity, and ordering people about.

On appeal, defendant contends the court erred in three respects: (1) in refusing defense counsel's request for a longer recess and in refusing counsel's request to make a record of his desire for a longer recess; (2) in permitting testimony of other crimes; and (3) in refusing to instruct the jury on the assertedly "lesser included offense" of common assault. We find no merit in these contentions.

Pertinent to defendant's first contention of error is the following colloquy, which occurred at the close of the State's case: "MR. BELL (defense counsel): At this time, your Honor, the defense would waive the right to make an opening statement, and I would request at this time a moment to confer with my client. THE COURT: We will be in recess in our places. Proceed."

Counsel did not object to the court's ruling, and the record discloses that a short time later, court recessed for lunch. After the lunch recess, defense counsel informed the court he and his client had discussed the advisability of defendant's testifying and had determined defendant would not take the stand.

Counsel alleges by a post-trial affidavit that when the court granted the recess in place, he sought to make a record of his request for a recess outside the jury's presence. He asserts the court's denial of his request forced him to discuss in the jury's presence whether his client would testify and denied him the right to make a record of his desire for an out-of-court recess and of his reasons therefor.

Appellate courts must accept the record as certified. McCandless v. Manzella, 369 S.W.2d 188[6] (Mo.1963). We do not consider evidence by affidavit which attempts to alter the transcript, which counsel has approved. Although we may direct a trial court to supply a material omission or correct a prejudicial misstatement in the record, we decline to do so in the absence of a showing of harmful error. Hendershot v. Minich, 297 S.W.2d 403[11-15] (Mo.1956). In this case there is no such showing.

We first note that counsel did make a record of his request for time to talk with his client. The court granted the moment's time counsel requested. Counsel stated later that he and his client had discussed the matter of testifying and had elected to waive that right. There is no indication of prejudice to defendant. See State v. Bobbitt, 465 S.W.2d 579[1, 2] (Mo. banc 1971).

Defendant next contends the court erred in permittiing a witness to testify defendant flourished his knife at an unnamed third person since that constituted proof of a crime with which defendant was not charged.

■■ The general rule is that evidence of separate and distinct crimes is not admissible unless it tends to directly establish the guilt of the charge for which the defendant is on trial. State v. Cox, 508 S.W.2d 716[6, 7] (Mo.App.1974). Exceptions to the rule are well recognized. Evidence of other crimes is admissible to establish identity, intent or motive, absence of mistake, or a common scheme or plan embracing crimes so related that proof of one tends either to establish the other or to establish the identity of the person charged. State v. Reese, 364 Mo. 1221, 274 S.W.2d 304[1] (Mo. banc 1954). If evidence is logically pertinent by tending to prove a material fact in issue, courts will not reject it merely because it incidentally proves defendant guilty of another crime. "Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors." State v. Reese, *supra*, at 307, 1.c. See also State v. McElroy, 518 S.W.2d 459[6] (Mo.App. 1975).

As said, where proof of other offenses tends to establish a common plan or design, such proof is admissible. In State v. Gray, 478 S.W.2d 654[7] (Mo.1972), defendant was charged with murdering a deputy

sheriff during the course of an arrest. The court permitted testimony to the effect that a second officer was also shot and wounded by defendant during the fray. The court held the second shooting "was admissible as a part 'of a continuous occurrence intimately connected with the crime for which defendant was being tried.'" See also State v. Lunsford, 338 S.W.2d 868[4] (Mo.1960), State v. Cox, *supra* at [9], and State v. Scown, 312 S.W.2d 782[8] (Mo.1958). And in State v. Griffin, 497 S.W.2d 133[1] (Mo.1973), the court admitted evidence that a defendant charged with committing sodomy against one person had also committed sodomy against another at about the same time. The court reasoned that "the improper conduct of defendant with another 'was but a part of a continuous occurrence intimately connected with the act specifically averred.'"

■ In this case defendant was charged with flourishing a knife at a particular person. But the record discloses that this act was but part of a continuing escapade of harassing and intimidating the bus passengers generally. Defendant cursed at passengers, ordered some off the bus, asked one man for money, and displayed his knife at various times in a rude and threatening manner. Under these circumstances, the court was not required to nicely sift the evidence in order to delete any possible mention of other crimes occurring during this connected series of events. We find no error in the admitting of testimony about the unnamed passenger.

Defendant's final contention is that the court erred in refusing to give an instruction on common assault, because the evidence showed a lesser included offense of the charge of exhibiting a deadly weapon.

■ When the evidence shows a defendant may not be guilty of the offense charged, but rather of a lesser included offense, the court must so instruct the jury. State v. Walker, 505 S.W.2d 119[6] (Mo.

**332**

App.1973). But even when the offense charged necessarily includes a lesser offense, an instruction as to the latter may not be required. "The test of whether an instruction on common assault is demanded is whether 'the evidence shows that a defendant may not be guilty of the offense charged, but may be guilty of an offense necessarily embraced in the charge . . .'" State v. Leigh, 466 S.W.2d 685[2] (Mo.1971). In Leigh, defendant was charged with sodomy. The Missouri Supreme Court held the trial court did not err in refusing a common assault instruction, even though the act of sodomy necessarily included simple assault. Similarly, in State v. Chandler, 314 S.W.2d 897[7] (Mo.1958), the court held it was not error to refuse a common assault instruction when the evidence disclosed defendant was guilty of forcible rape.

In State v. Berry, 361 Mo. 904, 237 S. W.2d 91[6, 7] (1951), the court held that no common assault instruction was warranted when the charge of attempted rape was proved. In State v. Newman, 391 S. W.2d 207[3] (Mo.1965), the court held it was not error to refuse an instruction on malicious destruction of property when the charge of attempted burglary was proved; and see State v. Kelly, 365 S.W.2d 602[8] (Mo.1963), holding the court did not err in refusing to instruct on possession of stolen property when evidence supported the charge of stealing.

 We need not decide here whether common assault is a necessarily included offense of the charge of exhibiting a dangerous and deadly weapon.[1] Even if we were to find that common assault is necessarily included in the offense charged, this defendant would not be entitled to a common assault instruction. When the evidence shows, as it does here, guilt of the more serious crime charged, and no other interpretation of defendant's conduct is reasonably possible, and there is nothing to justify a finding of common assault only, defendant is not entitled to an instruction on common assault. State v. Watson, 364 S.W.2d 519[6] (Mo.1963).

We find no error in the trial court's refusal of a common assault submission. The evidence clearly showed defendant had committed the offense charged rather than simple assault.

The judgment is affirmed.

KELLY and STEWART, JJ., concur.

---

1. No Missouri cases hold that common assault is a lesser included offense of the charge of exhibiting a deadly weapon. Cases do hold that common assault is not a lesser included offense of a charge of committing indecent liberties (State v. Charlton, 465 S.W.2d 502 [3] (Mo.1971), or of a charge of incest (State v. Akers, 328 S.W.2d 31[9] (Mo. 1959), or of a charge of molesting a minor (State v. Kornegger, 255 S.W.2d 765[12] (Mo.1953).