**STATE of Missouri ex rel. Roger K. LANG, Relator,**

v.

**The Honorable Edward D. HODGE, Judge of the Circuit Court of Audrain, Montgomery and Warren Counties, Missouri, Respondent.**

No. 41511.

Missouri Court of Appeals, Eastern District, Division One.

July 15, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1980.

Application to Transfer Denied Jan. 13, 1981.

**434**

Kenneth C. McManaman, O'Loughlin, O'Loughlin & McManaman, Cape Girardeau, for relator.

Jess L. Mueller, Pros. Atty., Lincoln County, Troy, for respondent.

1. All statutory references are to RSMo 1978.

2. Section 304.044.2 provides that:
 "The driver of any truck or bus, when traveling upon a public highway of this state outside a business or residential district, shall not follow within three hundred feet of another such vehicle; provided, the provisions of this section shall not be construed to prevent the overtaking and passing, by any such truck or bus, of another similar vehicle."

SNYDER, Judge.

Relator Roger K. Lang petitioned for a writ of prohibition to prevent respondent from proceeding with the trial of relator on a charge brought for violation of § 304.044, RSMo 1978[1] relating to trucks.[2] Relator had been charged previously with a violation of § 304.017,[3] relating to motor vehicles other than trucks and buses. The cause came on for trial, the state's evidence was heard, after which the court granted relator's motion to dismiss because the relator was driving a truck at the time of the § 304.017 violation with which he was charged. Relator filed a motion to dismiss the second charge brought under § 304.044 which was denied by the trial court. The relator then filed his petition for a writ of prohibition. This court granted a preliminary writ of prohibition which must now be made permanent or quashed. This court quashes the preliminary writ because it finds there is no double jeopardy.

Relator's argument in favor of making the writ permanent is based on double jeopardy, estoppel, res judicata, collateral estoppel and violation of due process, but the main thrust of his argument is the claim that to proceed to trial on the second charge would subject him to double jeopardy.

Respondent, of course, argues that there is no double jeopardy and therefore the writ should be quashed, but he further contends that prohibition is not a proper remedy under the facts of this case and should be denied because an adequate remedy by appeal exists. The propriety of the prohibition remedy will be considered first.

 If an adequate remedy by appeal is available, prohibition must be denied. It

3. Section 304.017 provides that:
 "The driver of a vehicle other than those designated in section 304.044 shall not follow another vehicle more closely than is reasonably safe and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the roadway...."

is no substitute for appeal nor is it a device to correct alleged trial errors or rulings. *State ex rel. Vogel v. Campbell,* 505 S.W.2d 54 (Mo. banc 1974); *State ex rel. Berbiglia, Inc. v. Randall,* 423 S.W.2d 765 (Mo. banc 1968). However, prohibition is a proper remedy to prevent a court from acting in excess of its jurisdiction. *Weaver v. Schaaf,* 520 S.W.2d 58 (Mo.banc 1975). In *Weaver v. Schaaf* relator brought a writ of prohibition to bar the trial court from trying him for driving while intoxicated in violation of a state statute after he had been convicted of driving while intoxicated in a municipal court. The supreme court held that the municipal court conviction raised the bar of double jeopardy to a second prosecution on the state charge and made absolute a preliminary writ of prohibition. A similar situation exists here. If relator's contentions have merit, prohibition is a proper remedy.

■ Both the United States and Missouri constitutions contain provisions against double jeopardy. Article I, Section 19 of the Missouri Constitution says in part: "[N]or shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury." Amendment V to the United States Constitution says in part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The Fifth Amendment has been deemed incorporated into the due process clause of the Fourteenth Amendment to the United States Constitution so as to be binding on the states as well as the federal government. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). There was no acquittal by a jury here so the

Missouri Constitution does not come into play. *State v. Berry,* 298 S.W.2d 429 (Mo. 1957).

■ The question which must be decided is whether the two offenses at issue here are the "same offense" so that prosecution on the second offense would violate relator's rights under the Fifth Amendment to the United States Constitution. There is no question but that jeopardy attached in the first prosecution because the state had presented its entire case to the court before the motion to dismiss was granted. *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). Therefore, if the two offenses are the same for double jeopardy purposes the trial court must be prohibited from trying relator on the second charge.

■ The offenses prohibited by § 304.-017 and § 304.044 are not the same for double jeopardy purposes. Missouri has followed the separate offense rule rather than the same transaction rule as explicated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The applicable standard as set forth in *Blockburger* is that, when the same act or transaction constitutes a violation of two distinct statutes, the test to be applied to determine whether there are two offenses or only one, is whether each statute requires proof of an additional fact which the other does not. The *Blockburger* test is satisfied in the case under review because each of the statutes in question requires proof of an element that is not required in the other statute. The *Blockburger* principles were reiterated in *State v. Chambers,* 524 S.W.2d 826, 828–829[1, 2] (Mo. banc 1975).[4]

4. The court is cognizant of two key Missouri cases involving the issue of double jeopardy, *State v. Treadway,* 558 S.W.2d 646 (Mo. banc 1977) and *Sours v. State,* 593 S.W.2d 208 (Mo. banc 1980), which partially overruled *Treadway.* Due to the recent action of the United States Supreme Court in vacating *Sours v. State,* this court will avoid reliance on either *Treadway* or *Sours.* Both cases concern the complexities of the armed criminal action statute in Missouri which poses its own unique problems which are not present in the case under review. More appropriate here is *State v. Foley,* 247 Mo. 607, 153 S.W. 1010 (1913)

wherein defendant was charged in two counts with obtaining money from the City of St. Louis under false pretenses. The first count alleged the money was obtained by a warrant from the city of a value of $20 and the second count alleged that he received $20 cash. The court dismissed the first count. Defendant unsuccessfully claimed that the court should have directed acquittal on the second count because the "essence" of both counts was identical. While the essence of Lang's activity here was following more closely than was prudent, the elements of the offenses and the means by which the offenses were committed differed.

■ It is obvious first that § 304.017 requires proof that the offender was driving a motor vehicle, not a truck, and that § 304.044 requires a finding that the offender was driving a truck within the statutory definition. In the case of § 304.017 an essential element of the proof is that the court find that the driver of a vehicle other than a truck or bus followed another vehicle more closely than was reasonably safe or prudent having due regard for the speed of the vehicle and the traffic upon and condition of the roadway. The "following too closely" element could be a few feet or a few hundred feet depending on the circumstances at the time. This is an essential element not present in the other statute. The state must also prove that the distance between the two vehicles was unsafe and not prudent.

An essential element which must be proved in order to find a violation of § 304.044 is that the offender is driving a vehicle which is a truck within the statutory definition, a different element from that required under § 304.017 relating to other vehicles. The state must also prove that the truck was following another such vehicle within 300 feet. The state must also prove that the truck was not overtaking or passing any other truck or bus at the time of the alleged violation. It is obvious that there are essential elements in each statute the proof of which is not required to find a violation of the other statute. Therefore, relator's claim of double jeopardy cannot be sustained.

This conclusion is supported by *State v. Johnson*, 549 S.W.2d 627 (Mo.App.1977) and *State v. Carter*, 535 S.W.2d 537 (Mo.App. 1976). In *State v. Johnson*, defendant was charged with rape, with the crime against nature and with kidnapping. His motion for judgment of acquittal of rape made at the close of the state's case was granted. The jury convicted him of the other two crimes. On appeal defendant claimed that the act of kidnapping was merely the means by which the sexual assault was effectuated, i. e., it was only an incident of the sexual assault so that he was placed twice in jeopardy for the same offense. The court determined that kidnapping required proof of an essential element [intent to secretly confine] not required to prove the crime against nature. Thus, the offenses were not identical and defendant was not placed in double jeopardy.

In *State v. Carter*, defendant was charged with driving while intoxicated and with careless and imprudent driving for failure to yield the right–of–way. He was convicted by the magistrate court for careless and imprudent driving. At trial in the circuit court on the charge of driving while intoxicated, defendant's motion to dismiss alleging double jeopardy was denied. The transaction giving rise to the two charges was defendant's failure to heed a yield sign, causing a vehicular collision. Due to defendant's demeanor at the scene, the investigating officer administered a breathalyzer test which showed defendant's intoxication. The fact that both charges arose from the same transaction did not preclude conviction on both charges where there were separate offenses. Each offense contained an element not required by the other offense so that defendant was not placed in double jeopardy.

The double jeopardy point is ruled against relator.

What has been said eliminates the need for discussion of relator's further arguments concerning the application of the double jeopardy doctrine to misdemeanors and felonies alike, the time of attachment of double jeopardy, the opportunity of the state to present a viable charge against the relator at the initial prosecution and the "splitting" of an offense.

■ Little need be said about the doctrine of res judicata which is relied on by relator. Res judicata requires an existing final judgment rendered upon the merits. *State v. Chamineak*, 343 S.W.2d 153, 156 (Mo.1961); *Motley v. Dugan*, 191 S.W.2d 979, 983[15–17] (Mo.App.1945). There was no judgment rendered upon the merits of

the charge of violation of § 304.044. There was no identity of causes of actions here as this court has found. The charge under § 304.044 was different from the charge under § 304.017. The doctrine of res judicata does not apply. *State v. Chamineak, supra.* Relator follows the same reasoning in his argument on res judicata as he did in his claim of double jeopardy. The reasoning fails in both cases.

To round out his lengthy and well–written brief and to raise all conceivable issues, relator has also invoked the doctrine of collateral estoppel and claimed a violation of due process. The doctrine of collateral estoppel precludes the relitigation of issues determined by a former judgment. It is sufficient to say that the former judgment did not litigate the question of the violation of § 304.044. See *State v. Humphrey,* 357 Mo. 824, 210 S.W.2d 1002, 1004[3] (1948); *State v. Booker,* 540 S.W.2d 90, 93[2, 3] (Mo.App.1976).

Relator argues generally that his constitutionally protected due process rights have been violated by the imposition of successive prosecutions for "essentially" the same criminal act. U. S. Constitution, Amendment XIV. Relator was not charged with the same criminal act for which he was initially tried. There is no arbitrary or capricious action here. There is no fundamental unfairness. There is a scheme of ordered justice which is being administered in an even–handed, rational and impartial manner. Although the charges in question are similar, they are not the same. The trial court dismissed the first case solely because it was brought under the wrong statute. There is no malicious prosecution.

The preliminary writ of prohibition is quashed.

STEWART, P. J., and WEIER, J., concur.