STATE of Missouri, Respondent,

v.

Lindol CURTIS, Appellant.

No. 59614.

Supreme Court of Missouri, En Banc.

Dec. 30, 1976.

Garry E. Champion, Sikeston, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant, Lindol Curtis, was convicted of two counts of murder in the first degree by a jury in the Circuit Court of New Madrid County, Missouri, in connection with the deaths, on May 7, 1974, of his former wife and her mother. Following rendition of judgment and imposition of two life sentences which were ordered to be served consecutively, an appeal was perfected by Lindol Curtis to the Springfield District of the Court of Appeals, where the conviction was affirmed. Upon application of Curtis, the cause was transferred here by order of this Court. We determine the cause the same as on original appeal. Mo.Const. Art. V, § 10.

At his arraignment, Curtis entered a plea of not guilty by reason of mental disease or defect excluding responsibility. Thereafter, Curtis underwent a psychiatric examination conducted by Dr. Metin Arat of State Hospital No. 4 at Farmington, Missouri. Another psychiatric examination of Curtis was performed by Dr. Robert Lam at the request of the defense.

Prior to trial, disclosure of the State's intended witnesses was sought by appellant pursuant to Rule 25.32. The State's answer to the request for disclosure indicated the witnesses to be called by the prosecution were those previously endorsed on the information.

Following presentation of the State's case, the defense called its only witness, Dr. Lam, who testified that appellant suffered from a mental disease or defect at the time he committed the homicides. In rebuttal to Dr. Lam's testimony, the State called Dr. J. F. Tuttle. Appellant's counsel objected at this point on the ground that Tuttle's name had not been disclosed in response to appellant's discovery request. The objection was overruled on the ground that Dr. Tuttle was a rebuttal witness. He was permitted to testify that he had talked with the appellant, that he made no written report of the examination, but that he concurred in the findings of Dr. Arat who, in his report, concluded appellant did not suffer from a mental disease or defect.

At the hearing on appellant's motion for a new trial, it was revealed that sometime prior to the day of the trial, appellant's counsel was advised that Dr. Arat would be unavailable to testify and that another psychiatrist from the State Hospital would be called. Counsel for appellant complained at the hearing that because Dr. Tuttle did not meet with the appellant until the night before the trial, there was no opportunity afforded the defense to arrange to interview Dr. Tuttle, much less depose him.

The only question that need be resolved on this appeal is whether the State was required to disclose Dr. Tuttle's name before trial.

In *State v. Washington,* 383 S.W.2d 518, 524 (Mo.1964), this Court stated:

" * * * When an information or indictment is filed, it is required both by supreme court rule and the statutes that the names of all material witnesses for the prosecution be endorsed thereon. S.Ct. Rule 24.17, V.A.M.R., §§ 545.070 and 545.240, RSMo 1959, V.A.M.S. This court has held, however, on numerous occasions that the rule and statutes do not apply to rebuttal witnesses. * * *."

We see no reason to disturb the rule that rebuttal witnesses may testify even though they have not been endorsed on the indictment or information. However, on July 1,

1974, our new rules of criminal discovery (Rules 25.30–25.45) became effective and are pertinent on this appeal.

■ Rule 25.32(A)(1) requires that the State shall, on written request of the defendant, disclose the "names and last known addresses of persons whom the state intends to call as witnesses * * *." This duty to disclose is a continuing one. Rule 25.37.

Rules 25.34(A)(5) and (2) require the defendant, on written request of the State, to disclose if he intends to rely on the defense of alibi and the names and addresses of persons he intends to call in support.

Rule 25.34(A)(4) and (2) require the defendant, on written request of the State, to disclose if he intends to rely on the defense of mental disease or defect excluding responsibility and the names and addresses of persons he intends to call in support.

■ We must recognize that under the law announced in *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), due process requires that State rebuttal witnesses not be permitted to testify in situations where a defendant has disclosed he intends to rely on the defense of alibi (and disclosed his witnesses) *and* the State has failed to disclose the names of the persons to be called to rebut the defense of alibi.

In *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the United States Supreme Court upheld the constitutionality of Florida's notice-of-alibi rule which is similar in its provisions to our Rule 25.34(A)(5). In *Wardius,* the Court noted the *Williams* holding, and then held (412 U.S. 470, 472, 93 S.Ct. 2208, 2211, 37 L.Ed.2d 82) "that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants."

■ We believe the *Wardius* requirement of "reciprocal discovery" in a "notice-of-alibi" defense situation should be applied in a "notice-of-mental disease or defect" defense situation. Our rules require that both de-

fenses be disclosed by defendant on request of the State and that the names and addresses of persons to be called as witnesses in support of the defenses be disclosed. "Reciprocal discovery" mandates that the State be required to disclose the names and addresses of persons it intends to call as rebuttal witnesses in both situations. "It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State." *Wardius,* supra, 412 U.S., at 476, 93 S.Ct. at 2212.

The trial court erred in permitting Dr. Tuttle to testify in the circumstances of this case.

The judgment is reversed and the cause remanded.

SEILER, C. J., and MORGAN, BARDGETT, HENLEY and FINCH, JJ., concur.

HOLMAN, J., dissents.