**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Herbert BURNFIN, Defendant-Appellant.**

**No. KCD 28630.**

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 27, 1977.

Application to Transfer Denied
Feb. 8, 1978.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Nanette Laughrey, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before PRITCHARD, P. J., SWOFFORD, C. J., and DIXON, J.

DIXON, Judge.

Defendant appeals his conviction by a jury of first degree murder and a sentence of life imprisonment. The defendant's assignments of error relate to the selection of the jury, the cross examination of a witness concerning the witness's juvenile record, the refusal of a cautionary instruction with respect to the testimony of an accomplice, and the competency of a witness offered by the State. The conviction is affirmed.

The defendant does not question the sufficiency of the evidence to sustain his conviction, and a short statement of facts will suffice to place the case in a posture for decision. A witness testified that a man entered a pool room, asked for the victim, and told the victim that someone outside wanted to talk to him. When the victim left the pool room, the witness observed the victim go outside and fall wounded when shots were fired from a parked automobile. The weapon used in the shooting was recovered close to the scene and was traced to the defendant. The person who entered and requested the victim to go outside the pool hall testified that he had in fact done this and that the defendant had fired the shots which killed the victim.

■ Defendant claims constitutional violation in the Missouri jury selection system. Mo.Const. Art. I, § 22b, and § 494.031(2), RSMo 1969. Defendant's claim is that the Missouri jury selection system is offensive to the United States Constitution because it systematically excludes women from jury service and denies defendant a jury representative of a cross-section of society. The issue as posed is determined by *State v. Duren,* 556 S.W.2d 11 (Mo.1977). The figures urged by the defendant are within the range of those urged by the defendant in *Duren.* This case and *Duren* were tried in the same county and the basic jury wheel was the same for both cases. No evidence appears which distinguishes this case from *Duren.* The claim must be denied.

Additionally, defendant claims that the Missouri jury selection system is unconstitutional under the test established in *Hernandez v. Texas,* 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954). *Duren, supra,* at 17–18 of 556 S.W.2d, sufficiently answers this contention.

■ Defendant urges that the trial court erred in not permitting defendant to cross examine the witness Edwin Kenney concerning his juvenile record. The witness in question had admitted a juvenile conviction for burglary prior to the objected to cross examination. Relying upon *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), defendant asserts that he was entitled to cross examine with respect to the juvenile record. *Davis, supra,* is distinguishable, for there the witness was, in fact, serving a probationary term at the time of trial and was the key witness for the prosecution. Here, the witness Kenney was only one of the witnesses who implicated the defendant and his involvement with the juvenile court was, in fact, shown. This case is clearly within the ambit of *State v. Walters,* 528 S.W.2d 790 (Mo.App.1975), which distinguishes between a juvenile conviction offered to show general impeachment which is not admissible and proof of some restraint or duress because of a pending juvenile matter.

■ Defendant argues that the court erred in refusing an accomplice instruction. The defendant offered two alternative accomplice instructions, both of which were cautionary instructions with respect to the testimony of an unindicted co-defendant. This case, subject to MAI–Cr, having been tried on January 21, 1976, is controlled by MAI–Cr 2.01, subparagraph 2, which specifically directs that no such instruction be given.

■ Defendant's final claim of error is that the witness Riley was incompetent because he had been committed to a mental hospital in the State of Kansas. The trial judge held a hearing to determine the com-

petency of the witness. A psychiatrist was called for the purpose of testifying as to the competency of the witness. The doctor was the sole witness. That psychiatrist testified that the witness was capable of recollecting the facts at issue, and there was nothing about his mental state which would affect his testimony at trial. A presumption exists that a witness confined in a mental institution is presumed to be incompetent. *State v. Herring*, 268 Mo. 514, 188 S.W. 169 (Banc 1916). However, it is rebuttable. The decision with respect to whether a party has met the burden of rebutting a presumption of incompetency is a question to be decided by the trial court, and its ruling will be reversed only where there has been a clear abuse of discretion. *Earney v. Clay*, 516 S.W.2d 59 (Mo.App.1974).

The judgment and conviction of the trial court is affirmed.