Jimmy D. DAYTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31127.

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 2, 1980.

Application to Transfer Denied
Jan. 13, 1981.

Joe F. Willerth, Cochran, Kramer, Kapke & Willerth, Independence, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and SWOFFORD, JJ.

WASSERSTROM, Chief Judge.

Defendant appeals from the denial of his motion for post conviction relief under Rule 27.26. We affirm.

Defendant's first point is that his trial counsel was ineffective for not having moved to quash the jury panel on the ground that it had been selected by procedure discriminatory against women. This argument is based upon *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), which in turn applied to Missouri practice the principles first announced in *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).

*Lee v. Missouri*, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979), holds that *Duren* is retroactive only to the date of the decision in *Taylor*, which was decided January 21, 1975. *Lee* was consistent with the opinion in *Daniel v. Louisiana*, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975) which held *Taylor* to be nonretroactive. The present case was tried in July 1974, prior to the decision in *Taylor*. This case is therefore governed by the law existing prior to *Taylor*, under which the Missouri procedure granting women an automatic option for exclusion was valid. *State v. Willett*, 539 S.W.2d 774 (Mo.App.1976).

A motion to quash the jury panel in this case therefore would have been without merit. Counsel cannot be branded as ineffective for failing to file a motion which would have been doomed to failure. *Brown v. State*, 589 S.W.2d 368 (Mo.App.1979); *Scroggins v. State*, 604 S.W.2d 699 (Mo.App. 1980).

Defendant's second point is that his trial counsel was ineffective for having failed to move to suppress certain items of evidence. The first of these items was a police badge which was obtained by the investigating officers from an automobile belonging to defendant or one of his associates. Defendant now claims that this was an unlawful search and seizure. The same contention was made upon the direct appeal to this court of a companion case, *State v. [Sam] Dayton*, 535 S.W.2d 479 (Mo.App. 1976). The opinion in that case at pp. 486–487 held that the initial intrusion into the vehicle was consensual and justified and that the taking of the badge was properly within the plain view doctrine.

The other items of evidence in question consisted of bed linens and hand towels which were found by the police in the bathroom adjoining the motel bedroom where defendant and his associates were arrested. Defendant now contends that the search of the bathroom was illegal and rendered the seizure of the linens and towels unreasonable. The opinion of this court in *State v. [Sam] Dayton, supra,* considered the police entry into the bathroom and found it justified. The evidence showed the linens and towels were in plain view. Defendant's trial counsel appeared in the present 27.26 hearing and testified he did not file a motion to suppress these items because he believed such a motion would have been without merit. He was correct. His failure to file such a motion was not ineffective assistance of counsel. *Brown v. State, supra; Scroggins v. State, supra.*

Defendant's next point is that the failure of the State to endorse the name of witness Scholliam on the indictment and the introduction through him of Exhibits 32 and 33 were errors of constitutional magnitude, resulting in manifest injustice. The facts with respect to this matter are that defendant's brother Jerry Dayton testified on behalf of the defendant that the motel maid had not changed the sheets and towels on the morning of the offenses. It was to counter that testimony that the State called in rebuttal witness Scholliam who identified Exhibits 32 and 33 as the "maid sheets" for

room number 210 covering the cleaning that had occurred on the day in question. Thus the calling of Scholliam was as a rebuttal witness, and it is well settled that a rebuttal witness need not be endorsed upon an indictment or information. *State v. Curtis*, 544 S.W.2d 580 (Mo. banc 1976); *State v. Hardin*, 558 S.W.2d 804 (Mo.App. 1977).

Defendant, nevertheless, argues that notice of Scholliam as a rebuttal witness should have been given to him in advance of trial under the holding of *Curtis, supra*, to the effect that disclosures concerning an alibi defense must be reciprocal, and if the defendant gives notice that he will rely upon an alibi defense, then the State is obliged to disclose the names and addresses of persons it intends to call as witnesses to rebut the alibi.

The *Curtis* holding is not applicable here, because Scholliam's evidence was not introduced to rebut defendant's alibi. At the trial, defendant did offer an alibi, but not to the extent of separating himself completely from room 210 at the Travelodge Motel. His testimony, as summarized in the opinion on the direct appeal in this case, *State v. [Jimmy D.] Dayton*, 535 S.W.2d 469, l.c. 473 (Mo.App.1976), was that he had come to Kansas City and had registered at the Travelodge Motel. Then on the day in issue, according to his testimony, he left the motel at about noon and did not return to the motel until after 10:30 p. m. and found the room in disarray. As can be readily seen, Scholliam's testimony had no bearing whatsoever upon that alibi defense. His testimony went solely to the impeachment of Jerry Dayton. Defendant's third point is therefore devoid of merit.

Affirmed.

All concur.