**STATE of Missouri, Plaintiff-Respondent,**

v.

**Larry TYLER, Defendant-Appellant.**

No. 47530.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 8, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 18, 1984.

Michael R. Radosevich, Asst. Public Defender, Columbia, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant was jury tried and convicted on Count I of robbery first degree, § 569.020 RSMo 1978. The jury found defendant not guilty on Count II of robbery first degree. Defendant was sentenced as a persistent offender to serve a term of twenty years.

Defendant's sole contention of error is that the trial court abused its discretion in allowing the late endorsement of a witness whose testimony negated an alibi defense. We affirm.

The adjudicated facts are these. The charged robbery on which defendant was convicted occurred on October 22, 1982. The robbery took place at approximately 11:00 p.m. Two employees of the Church's Fried Chicken Fast Food Restaurant, victims of the robbery, identified the defendant on three occasions. First, when they saw a picture on an identification card found in a man's billfold left at the scene of the robbery by the robber. Second, at a pre-trial lineup, and finally, by positive testimony at trial.

The defense was alibi. Friends testified that the defendant was with them and others rehearsing vocal music at the time of the robbery. The defendant did not testify at this trial. He had testified at a previous trial on the same charge, which resulted in a mistrial. The state called the court reporter from the first trial to read defendant's first trial testimony claiming that he had lost his billfold several weeks before the robbery. The state then called the late endorsed witness, the operator of a dry cleaning establishment, who testified that defendant may have had some clothing cleaned at his business one week after the billfold was claimed lost but a week before the robbery. A receipt for the dry cleaning was found in the billfold.

Initially we note that the requirement for endorsement of witnesses is contained in § 545.070 RSMo 1978 and criminal rule 23.01(f). The rule requires that the indictment or information shall list the names of all material witnesses for the prosecution "except rebuttal witnesses." Additional witnesses may be listed at any time after notice to the defendant upon order of the court. The trial court has broad discretion in permitting the endorsement of additional witnesses. *State v. Cobb,* 444 S.W.2d 408, 415 (Mo. banc 1969). The endorsement in the present case was requested the day after the trial began. Relying on *Cobb* the Supreme Court affirmed a conviction where the trial court permitted the victim to be endorsed as a witness on the morning of trial. *State v. Strawther,* 476 S.W.2d 576, 579 (Mo.1972). The court there said, "In the final analysis, it is a matter of judicial discretion." *Id.* at 579. In order to prevail defendant must show that the late endorsement is prejudicial to his right to a fair trial. *Id.* at 579.

The testimony of the disputed witness was not offered to prove any part of the state's case. It is not clear why the state elected to first present and then negate the "lost billfold" defense. Although the evidence was offered in the state's case in chief it was rebuttal testimony to an anticipated defense. No objection was made to the state's tactics in offering the testimony in its own case. In determining whether or not the defendant has established prejudice by the ruling of the trial court in permitting the late endorsed witness to testify we consider both the lack of objection and the nature of the testimony.

The rule requiring endorsement of the state's witnesses does not apply to rebuttal witnesses. Rule 23.01(f). *State v. Curtis,* 544 S.W.2d 580, 581 (Mo. banc 1976) quoting *State v. Washington,* 383 S.W.2d 518, 524 (Mo.1964); *State v. Tyler,*

622 S.W.2d 379, 385 (Mo.App.1981). Applying these principles we find no abuse of discretion in allowing the late endorsement because the testimony given by the witness objected to was in the nature of rebuttal testimony although offered in the state's case.

The judgment is affirmed.

REINHARD and CRANDALL, JJ., concur.