Jerry Paul EASTON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15741.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 7, 1989.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Feb. 28, 1989.

Elizabeth A. Bock, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant, Jerry Paul Easton, appeals from the denial, after evidentiary hearing, of his

motion, filed pursuant to Rule 27.26,[1] in which he sought to vacate his convictions, after jury-trial, of the crimes of armed robbery, sodomy, and attempted murder, for which he received sentences of 50 years for the robbery, 25 years for the sodomy, and 10 years for the attempted murder, with the sentences to run consecutively. The convictions were affirmed on appeal, *State v. Easton*, 577 S.W.2d 953 (Mo.App. 1979), in which opinion the appellate court characterized the acts of Easton and his accomplice in robbing, sodomizing, and attempting to murder the 70 year-old proprietress of a Springfield, Missouri motel as degenerate.

In 1987, some nine years after the affirmance of the convictions, Easton filed a pro se motion to vacate them, which motion was amended by court appointed counsel. An evidentiary hearing was held, after which the hearing court made findings of fact and conclusions of law, based upon which it denied relief. This appeal followed.

Although the pro se motion and its amendment alleged numerous grounds which Easton contended entitled him to the relief requested, the briefs filed here on Easton's behalf complain only of the hearing court's findings and conclusions on two issues. We, therefore, confine our review to the matters preserved on appeal, keeping in mind the legal principle that our review is limited to a determination of whether the findings, conclusions, and judgment of the hearing court were clearly erroneous. Rule 27.26(j) (repealed effective 1–1–88).

■ Both of Easton's claims of court error rest on his contention that he had ineffective assistance of trial counsel. He first asserts that he "was denied effective assistance of counsel when his trial counsel misled the movant by promising the movant he would receive a maximum of thirty-five years if he confessed to the crime of first degree robbery when he took the witness stand in his own defense, and in failing to explain to movant the proper procedure to accept a pending plea offer, and movant was thereby prejudiced by his reliance on his attorney's misrepresentation."

On this issue, the motion court found that while Easton had alleged at the evidentiary hearing that his trial counsel was ineffective for failing to advise Easton not to testify, and for promising Easton that if he did testify he would not receive a sentence in excess of 35 years imprisonment, his trial attorney had testified that he had discussed the issue with Easton as to whether he should testify, and that Easton had testified of his own free will. It also found that Easton's trial attorney had testified that he had never promised Easton he would receive any certain sentence if he testified. On the basis of this conflicting evidence, the hearing court concluded: "Movant's allegation 8D in his amended motion concerning letting Movant testify and promising him a limited sentence in exchange for his testimony affords no basis for relief since Movant's allegations are completely refuted by the record, the evidence and the testimony of Movant's counsel."

The sole issue on this point is a matter of credibility, which was for the trial court to determine. *Black v. State*, 723 S.W.2d 474, 475 (Mo.App.1986). In determining that issue, the hearing court had a right to consider the fact that Easton waited nine years after his convictions until he decided that his trial counsel was ineffective, and only did so then after counseling with Melvin Leroy Tyler, a self-appointed jailhouse lawyer who was an inmate of the same penal institution where Easton was confined. The hearing court chose to believe the trial attorney's version of the events, which it had a right to do. *See Miller v. State*, 603 S.W.2d 29 (Mo.App.1980). The hearing court's findings and conclusions on this issue were not clearly erroneous.

---

**1.** Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentences were pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).

Easton's remaining point, presented in a pro se brief that we are not obliged to consider but do so gratuitously, is somewhat incoherent. It seems to be alleging that his trial counsel was ineffective because the attorney did not move to suppress Easton's confession to the robbery charge, which he gave after being arrested in the state of Illinois. On this issue, the hearing court found and concluded:

That Movant's confession, trial testimony, and defence [sic] theory were all in harmony and did not contradict each other.

That the trial transcript shows facts which would render a Motion to Suppress meritless.

. . . .

That Movant's trial testimony was consistent with his confession.

. . . .

That Plaintiff's trial testimony was not a confession as he denied many of the acts.

That Plaintiff's testimony at trial had already been entered through his confession and was not inconsistent with that confession.

. . . .

That the trial transcript reflects that a Motion to Suppress Movant's confession would have been meritless and unsuccessful.

. . . .

The failure to file a Motion to Suppress does not, of iteself [sic], constitute ineffective assistance of counsel. *Tollison v. State*, 556 S.W.2d 455 (Mo.App.1987 [1977]).

No 27.26 action will lie where Movant's confession and trial testimony are in harmony. *Hines v. State*, 691 S.W.2d 918 (Mo.App.1985).

A 27.26 Movant is not entitled to relief for failure to file a Motion to Suppress where the record shows such a motion shall be without merit. *Dayton v. State*, 608 S.W.2d 490 (Mo.App.1980).

. . . .

Movant's allegation 8A concerning the failure to attempt to suppress his confession affords no basis for relief since the record from trial indicates that such a motion would have been meritless and since the confession corroborates and bolsters, Movant's trial testimony.

. . . .

Movant's allegation 8A of his amended motion concerning the failure to file a motion to suppress his confession affords no basis for relief since the evidence proves that trial counsel did review the evidence of Movant's arrest in detail and such motion would have been futile.

The hearing court, in making its decision regarding the failure of trial counsel to file a motion to suppress the confession of Easton, had access to the trial transcript, which we have obtained and made part of the record in this case. The transcript indicates that on May 16, 1977, Easton and Rezabek were arrested while attempting to flee from a motel in Collinsville, Illinois. They were apprehended by Collinsville police officers who were investigating a stolen car report. Both men were armed, and Easton gave a fictitious name at the time of arrest, but later admitted his true identity. Both men were advised of their constitutional rights immediately following their arrest, but evidently made no statements to the arresting officers regarding the crimes that had been committed in Springfield.

The next day, two Springfield police officers, Walter Ayres and Carl Malin, went to Collinsville, Illinois to interview the two men. Before they were interviewed, the two men were advised of their constitutional rights, and signed a waiver of rights form. Easton then admitted that he had planned and committed the robbery, but denied the sodomy and attempted murder, saying that if those crimes had occurred, they were committed by Rezabek, as Easton had left the motel to take the robbery money to the car leaving Rezabek with the victim. He said Rezabek later told him that the victim had been "messed up a little." At trial, Easton's testimony was consistent with the confession he had made to the Springfield police officers in that he admitted participation in the robbery, but denied participation in the sodomy and attempted murder.

On this point, Easton first contends that his confession was obtained after he was denied counsel and during the time "he was clearly under illegal arrest in the State of Illinois." He contends that his testimony to that effect in the evidentiary hearing "clearly proves this."

The hearing court was under no obligation to believe Easton's testimony. He admitted at the trial that he had lied to the police about several facts. As to Easton's contention that he was denied counsel, four police officers testified at trial that before Easton was asked any questions concerning the Springfield crimes, the Miranda warnings were read to him. These warnings contain the advice that a person has a right to counsel before he answers any questions, and that if he cannot afford a lawyer, one can be provided for him. *Miranda v. Arizona,* 384 U.S. 436, 444, 479, 86 S.Ct. 1602, 1612, 1630, 16 L.Ed.2d 694 (1966). In the written waiver of his rights, which was read to him before he signed it, Easton was again advised of his right to counsel before being questioned. He appeared to understand this right, and wished to waive it. The hearing court was entitled to believe this evidence, and did so.

The second part of Easton's initial contention on this point is that he was arrested without probable cause and, therefore, being detained by reason of an illegal arrest. Even if Easton's arrest in Illinois had been illegal, that fact alone would not vitiate his subsequent confession of the robbery charge, if it was shown that the confession was voluntary. *State v. Joiner,* 562 S.W.2d 768, 769 (Mo.App.1978)

Here, the evidence was conclusive that the confession was voluntary. This is indicated not only by the testimony of four police officers involved in the arrest and questioning, but also by the testimony of Easton at the evidentiary hearing. In answer to a question by his own attorney, "Do you feel that your statement to the police was voluntary?" Easton responded, "Yeah, I think it was." In addition, there is evidence in the record that strongly supports the conclusion that the arrest of Easton and his accomplice were not illegal. The following excerpt is from Easton's testimony at the evidentiary hearing with the questions being directed by Easton's attorney:

Q. (By Miss Bock) Would you tell the Court, please, the circumstances of your arrest?

A. On the morning of my arrest, the police had located a stolen car in the parking lot. The car was not registered to any room, and they were investigating this car. During their investigating this car, a janitor told one of the officers that he'd seen two people leave the back gate, you know, out of the motel. The officers reacted to it and arrested us. But at the time they did, they had no reason to connect us to that car.

Q. Are you the one that registered for the group at the Round Table Motor Lodge?

A. I registered for the room, yes.

Q. Did you put the car registration on the license of the Volkswagen on the room registration?

A. No.

Q. So you're saying, when Officer—I believe it's Borkowski—testified that he got the room number that you all were in off the stolen car registration that he was mistaken or lying. Is that correct?

A. That car's plate number was not on the registration for that room. However, the people that registered the room knew we came in the car, but the car's plate number was not on that registration.

Q. So when the officer testified that it was, he was testifying incorrectly?

A. Yes.

One of the arresting officers, whose name was Ronald Borkowski, testified at trial that while they were checking with the room clerk of the Collinsville motel regarding which of their guests claimed ownership of the vehicle in question, a 1962 Volkswagen, a motel employee told the police officers some people were jumping out a back window of the motel. The officers chased the subjects, catching Easton, Rezabek, and one other man. Rezabek had a

loaded .22 caliber pistol stuck in the waistband of his pants, while Easton was carrying a shaving kit that contained a 9 mm Smith and Wesson pistol.

This evidence was not disputed by Easton, and justified probable cause for the arrest and detention of Easton and Rezabek for investigation of the crimes of auto theft and carrying concealed weapons. The arrest was not illegal.

Easton's final argument is that his trial counsel should have moved to suppress his confession, and failure to do so constituted ineffective assistance of counsel. Since Easton's arrest was not illegal, the failure of his trial counsel to file a motion to suppress the confession did not constitute ineffective assistance of counsel, as such a motion would have been meritless. *Dayton v. State*, 608 S.W.2d 490, 491 (Mo.App.1980).

Easton's trial attorney, who had about 30 years' experience in the practice of criminal law, and was a college instructor in the law of arrest, detention, search and seizure, and constitutional law, stated if there had been any issue regarding the arrest or confession, he would have raised it.

Our review of the record demonstrates that the hearing court's findings and conclusions on this issue were not clearly erroneous.

The judgment of the hearing court overruling Easton's motion to vacate is affirmed.

HOLSTEIN, C.J., and CROW, P.J., concur.